UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN R E: | § § § § § § § | CASE NO. 15-33794 |
| HIGH STANDARD MANUFACTURING COMPANY, INC. | | Chapter 11 |
| Debtor | | |
| ALAN ARONSTEIN | § § § § § § § § § § | |
| Plaintiff | | |
| V. | | Adversary 16-3133 |
| HIGH STANDARD MANUFACTURING COMPANY, INC. | | |
| Debtor | | |

PLAINTIFF'S MEMORANDUM SUPPORTING ITS MOTION TO
EXCLUDE TESTIMONY

INTRODUCTION

1.  On June 16, 2016 the Court, near the end of the first day of trial, ordered the parties to file a memorandum concerning Plaintiff's Motion for the Court to Exclude Testimony. The court ordered the parties to brief four separate questions which are; (1) Is the failure that is described in Rule 37(c)1) a failure of total compliance with a failure of time compliance under the rules; (2) If there has been a failure to timely compliance with the disclosure, is that a matter that must be presented at the final pretrial conference; (3) If a failure to make disclosures until a date which that is only 18 days before the conclusion of the discovery period, which includes Christmas, substantially harmless; and

(4) is a party required to file a rule 37(a) motion in order to preserve Rule 37(c) rights.

PROCEDURAL HISTORY

2.     On June 16, 2016, Alan Aronstein, individually and Trustee, through his undersigned attorney, and pursuant to Federal Rule of Bankruptcy Procedure 7001 filed his Complaint for Declaratory Judgment. (Doc 1)

3.     In naming the parties, Alan Aronstein, Individually and Trustee, ("Aronstein" or "Plaintiff") was designated as Plaintiff and identified as an individual who resided in Houston, Harris County, Texas. (Doc 1 paragraph 5) Consequently in any of the papers filed in this case, the word Plaintiff or the word Aronstein designated Alan Aronstein individually and as Trustee.

4.     In naming parties Defendant, High Standard Manufacturing Company, Inc. ("High Standard" or "Defendant") was designated as a Texas Corporation and who was also the Debtor

5.     On August 17, 2016, Plaintiff's Initial Disclosures were delivered via first class mail to High Standard.

6.     On September 9, 2016, the Court reset the scheduling conference to September 19, 2016. (Doc 14)

7.     On September 15, 2016, High Standard filed its answer, counter claim and cross claims complaint. High Standard sought a similar declaration regarding the entities in question and added several other claims (Doc 18)

8. On September 27, 2016 the parties submitted a Joint Discovery/Case management Plan in which the parties agreed to comply with Federal Rule 26(a) (Initial Disclosures) by October 14, 2016. (Doc 19)

9. On September 30, 2016 the court modified the scheduling Order (Doc 21) and set December 30, 2016 as the discovery deadline. Pretrial Conference was set for February 22, 2017 and Trial set for March 16, 2017.

10. On October 24, 2016, Plaintiff filed its Amended Motion to Dismiss (Doc 23)

11. On November 21, 2016 Defendant filed its Response to Plaintiff's Motion to Dismiss. (Doc 24)

12. On November 28, 2016 Plaintiff filed its Reply to Defendant's Response to Plaintiff's Motion to Dismiss. (Doc 25)

13. On December 6, 2016, the Court denied Plaintiff's motion to dismiss but ordered Defendant to re-plead its complaint by December 29, 2016. (See Court room minutes dated December 6, 2016.)

14. On December 12, 2016, some two months after the parties agreed to submit their initial disclosures pursuant to rule 26(a), Defendant submitted its initial disclosures to Aronstein. A copy of High Standard's initial disclosures marked Exhibit A attached hereto is incorporated by reference.

15. On December 12, 2016, High Standard submitted its amended

Disclosures. A copy of High Standard's Amended Disclosures marked Exhibit B attached hereto is incorporated by reference.

16. On December 28, 2016 Defendant filed its amended Answer and Amended Counterclaim (Doc 28) Defendant's amended Answer and Amended counterclaim was filed two days prior to the end of the discovery period.

17. On December 30, 2016 Plaintiff's Amended Disclosures were delivered to Defendant.

18. On January 26, 2017 Plaintiff filed its answer to Defendant's Counterclaim. (Doc 29)

19. On January 26, 2016 Plaintiff filed its Motion to Compel Production. (Doc 31) The request asked for an order for the court to direct Defendant to designate which document produced responded to which request for production. Defendant had produced 1540 undesignated documents in response to Plaintiff's Production Requests. Hearing was set for February 22, 2017.

20. That same day, Plaintiff filed its motion for continuance and asked for an extension of the Discovery Deadline. (Doc 32) Hearing was set for February 22, 2017.

21. On February 2, 2017 the court reset the hearing on Plaintiff's Motion to compel and Plaintiff's Motion for Continuance (Doc 30 & 31) and Pre-

trial conference to March 16, 2017. (Doc 33)

22. On February 9, 2017 the court (Doc 35) reset Motions to compel, (Doc 30 & 31) and Pre-trial conference to March 16, 2017. The Trial set for March 16, 2017 was cancelled to be reset by the Court.

23. On March 15, 2017 Defendant filed its response to Plaintiff's Motion for Turn-Over Order and Motion for Continuance. (Doc 36 & 37) Defendant objected to Plaintiff's continuance motion.

24. On March 16, 2017, the court ordered Defendant to identify the documents produced to Plaintiff by April 6, 2017 and set the final pretrial conference for April 19, 2017. (See Court room Minuets  May 16, 2017)

25. On April 6, 2017, Defendant's filed its amended discovery responses in compliance with the court order announced by the Court at the hearing on March 16, 2017. Defendant identified the 1540 documents previously produced and filed an additional 790 documents

26. On April 17, 2017, High Standard submitted its witness and exhibit list for use in in upcoming trial set for June 16, 2017. (Doc 43-2) A copy of High Standard's Witness and Exhibit list marked Exhibit C is incorporated by reference. Defendant's witness list included the four individuals identified in its Rule 26(a) disclosures and included several other individuals that were not disclosed.

## APPLICABLE LAW
### Rule 26, Disclosures

27. (a) REQUIRED DISCLOSURES.

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

### Rule 37

28. (a) Motion for an Order Compelling Disclosure or Discovery.

(1) In General: On notice to other parties and all affected persons, a party ***may*** (emphasis mine) move for an order compelling disclosure or discovery.

(c) FAILURE TO DISCLOSE, TO SUPPLEMENT AN EARLIER RESPONSE, OR TO ADMIT.

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence **on a motion**, *(emphasis mine)* at a hearing, **or at a trial**, *(emphasis mine)* unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). i.e. (iii) striking pleadings in whole or in part. See *Carmody v. Kansas City Bd. Of Police Comm'rs*, 713 F3d 401, 405 (8th Cir.2013).

29. Sanctions are mandatory, unless the violation was substantially justified or is harmless. *Ortiz-Lopez vs SOCIEDAD ESPA,* 248 F.3d 29, 33 (1st Cir.2001). The Court, citing the advisory committee notes stated, "This is a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision [37](a)(2)(A)." Fed.R.Civ.P. 37, advisory committee notes." If a party does not make a disclosure required by FRCP 26(a) or (e), the court may order that the party cannot use the undisclosed information or witness on a motion, at a hearing or at trial, *Standly v Edmonds-leach,* 783 F.3d 1276, 1281 (D.C.Cir 2015) (undisclosed witnesses should be excluded unless nondisclosure is substantially justified or harmless or evidence is offered solely for impeachment purposes); *Esposito v. Home Depot U.S.A.*, 590 F3d 72, 77 (1st Cir. 2009)

ARGUMENT AND AUTHORITIES
THE SCHEDULING ORDER

30. The Joint Report of Meeting and Discovery/Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure was filed with the Court by the parties on September 26, 2016. (Doc 19) The Comprehensive Scheduling, Pre-Trial and Trial Order set October 17, 2016 as the deadline for submitting the respective initial disclosures. (Doc 21)

31. Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to make initial disclosures, including a computation of each category of damages, which under Rule 26(e)(1)(A) must be supplemented when new information comes to light. While the identification of Stan chapman and Richard Fuqua complied with substance of Rule 26(a), neither Jim Gray nor Scott Aronstein's identification complied with the substance of rule 26(a) (no address nor telephone number was provided.) However, the disclosures of Stan Chapman and Richard Fuqua were over two months late and before Defendant had fully complied with Plaintiff's Request for Production. Furthermore, there is no excuse for not providing complete information for Jim Gray and Scott Aronstein because both of these individuals were claimed to be directors of Defendant. In fact, Jim Gray testified at Plaintiff's claim objection hearing. Therefore, this information should have been readily known by Defendant. Furthermore, Defendant did not provide a computation of each category of damages but instead "***believed***"[1] that its damages exceeded $500,000 for breach of fiduciary duty and $250,000 related to other matters. Nevertheless, the Court has discretion under Rule 37(c)(1) to apply sanctions against a party who has failed to satisfy initial or supplemental disclosure requirements; for example, excluding the evidence or testimony entirely. *Wegener v. Johnson*, 527 F.3d

---

[1] See Exhibit B where Defendant claimed that "The loss to High Standard Manufacturing due to the breaches of duty by Mr. Aronstein to be determined by the Court, but is believed to exceed $500,000.00. Destruction/conversion of property, including the $16,000.00 check, converted inventory, and misappropriation of customer lists and other confidential and proprietary information, in excess of $250,000.00." Hence Defendant's disclosed damages were mere speculation.

687, 692 (8th Cir.2008). Here, Defendant knew the specific information concerning the disclosed persons at the time Plaintiff's Complaint was served but instead intentionally delayed its response to obstruct Plaintiff's trial preparation. In addition, Defendant should have been able to provide a computation of each category of its damages, but merely believed its damages were at least $750,000.00. Furthermore, Defendant's conduct in this action has been that of a filibusterer. Defendant's obstructionist conduct is shown by the following; (1) Defendant's original counterclaim was in such disarray that Plaintiff filed a motion to dismiss for failure to state a claim. (Doc 22), the Court denied Plaintiff's Motion to Dismiss but instead ordered Defendant to re-plead its case. (Court room minutes dated December 6, 2016.) (2) Plaintiff filed his motion to compel when Defendant failed to comply with the Federal Rules by producing 1540 documents without stating which document was responsive to which Request for Production. (Doc 31) On March 16, 2017 The Court set a deadline of April 6 for the defendant to identify the documents produced to the plaintiff. (Court room Minuets May 16, 2017), (3) Defendant failed to comply with the Scheduling order, which was agreed by the parties, when it did not timely disclose witnesses and provide a computation of each category of damages in compliance with Rule 26(a) and lastly, (4) Defendant's continuing refusal to provide Plaintiff with the necessary information to transfer title to the two sub machine guns after being Ordered to do so. (Doc 46) Defendant has steadily obstructed Plaintiff's ability to conduct discovery thereby hampering Plaintiff's trial preparation. Hence, the Court should therefore impose the

severest sanctions for Defendants egregious conduct.

## QUESTION NUMBER 1:

32. Is the failure that is described in Rule 37(c)(1) a failure of total compliance with a failure of time compliance under the rules?

33. The answer to this Question One is Yes. The answer is yes because Rule 26(a)(1)(A) states; "a party must, without awaiting a discovery request, provide to the other parties; (1) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:..." The persons identified in Defendant's disclosures were, officers, directors or employees of Defendant. The identity of these witnesses should have been disclosed well in advance of the agreed disclosure date. In addition, both Mr. Chapman and Mr. Fuqua testified at the hearing contesting Plaintiff's Proof of Claims. Consequently there was and is no substantial justification nor is it harmless that Defendant failed to disclose these individuals in compliance with Rule 26(a)(1)(a). Furthermore, Joseph Connors, Teri Burgress, Mary Ann Bartee, and Johnie Patterson were never disclosed by Defendant. Therefore, all of Defendant's witnesses should be prevented from offering testimony at trial unless their testimony is strictly limited to impeachment evidence. *Carmody* 713 F3d at 405

## QUESTION NUMBER 2

34. If there has been a failure to timely compliance with the disclosure,

is that a matter that must be presented at the final pretrial conference?

35. The answer to question number two is No. The answer is no because under the plain reading of Rule 37(c)(1); "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Hence, a party may file a motion to compel (Rule 37 (a)(1)) but may delay its motion for sanctions to the time of trial (Rule 37(c)(1).

36. Plaintiff filed its Motion to Exclude Testimony on June 14, 2017 (Doc 49), Defendant did not file a response and Plaintiff's Motion was presented to the Court on the day of trial, June 16, 2017.

QUESTION NUMBER 3:

37. If a failure to make disclosures until a date which that is only 18 days before the conclusion of the discovery period, which includes Christmas, substantially harmless

38. Defendant's failure to make disclosures until a date which is only 18 days before the conclusion of the discovery period is not harmless. It is not harmless because as stated in paragraphs 24 through 25, Defendant's complete response to Plaintiff's Request for Production was not satisfied until April 6, 2017, some 3 months after the discovery period had ended. Upon receiving the Defendant's amended discovery response, Plaintiff was then in position to correlate the produced documents with each production request. Nevertheless, it was now impossible to interrogate Defendants disclosed

witnesses concerning the correctly designated documents produced because the discovery period had ended three months ago and the court had denied Plaintiff's Motion for continuance to conduct more discovery. It should be noted that Defendant opposed Plaintiff's Motion for Continuance.

39. Therefore, Defendant's failure to make disclosures with 18 days remaining for the discovery period was harmful and hence, Defendant cannot and did not show that its failure was substantially justified or harmless.

QUESTION NUMBER 4:

40. Is a party required to file a rule 37(a) motion in order to preserve Rule 37(c) rights?

41. The answer to question number four is Yes. The answer to question number four is yes because Rule 37(a) requires a motion to be filed in order to bring the failure to the attention of the court. See Plaintiff's response to question number two restated here. Rule 37(c)(1) provides; "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Hence, a hearing upon a motion or at trial is necessary. The response to question number two addressed when the motion had to be filed, i.e. at the pretrial conference or later. The rule states that the motion may be filed at trial. This was precisely when Plaintiff's motion was submitted to the court.

CONCLUSION

42. Defendant's failure that is described in Rule 37(c)1) is a failure of total compliance with a failure of time compliance under the rules; Defendant's failure to timely comply with the rule for disclosure is a matter that does not have to be presented at the final pretrial conference but may be presented at trial; Defendant's failure to make disclosures until a date which that is only 18 days before the conclusion of the discovery period, which includes Christmas, was not substantially justified nor harmless; and a party is required to file a rule 37(a) motion in order to preserve Rule 37(c) rights, however, it need not be presented until the time of trial.

PRAYER

43. For the reasons set forth above, the Court should exclude the following witnesses from testifying unless their testimony is for the purpose of impeachment: (a) Joseph Connors, (b) Teri Burgress, (c) Mary Ann Bartee,(d) Johnie Patterson (e) Jim Gray and (f) Scott Aronstein The testimony by Stan Chapman and Richard Fuqua should be excluded at trial for the failure of being timely disclosed in compliance with the Scheduling Order. The court should further deny High Standard's attempt to proffer damage testimony. Damage testimony should be excluded because Defendant did not provide a computation of each category of damages but instead speculated its damages. In addition, because of Defendant's deplorable conduct by failing to make disclosures or to cooperate in discovery after being Ordered to provide Plaintiff

with the necessary information to transfer title to the two sub machine guns[2], the Court should strike Defendant's pleadings and render a default judgment in favor of Plaintiff pursuant to FRCP 37(b)(2)(A)(iii)-(b)(2)(A)(iv).

Respectfully submitted,

/s/G. P. Matherne
G. P. Matherne
Attorney at Law
P. O. Box 547
Spring, Texas 77383-0547
713 827-1702 Telephone
281 353-2651 Fax
legistgpm@comcast.net
Attorney for Alan Aronstein

**Certificate of Service**

I certify that on July 7, 2017, a copy of this Plaintiff's Memorandum Supporting its Motion to Exclude Testimony has been delivered by electronic mail to counsel for the debtor:

Johnie Paterson
Counsel for Debtor
P O Box 61301
Houston, Texas 77208

/s/G. P. Matherne
G P Matherne

---

[2] Plaintiff has filed a motion for Contempt (Doc 50) and set a hearing for July 24, 2017 (Doc 50-2)