

ENTERED

08/24/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| HIGH STANDARD MANUFACTURING | § | CASE NO: 15-33794 |
| COMPANY, INC.; fka HI STANDARD; fka | § | |
| HIGH STANDARD; fka INTERARMS; fka | § | |
| AMT | § | |
|     Debtor(s) | § | |
| | § | CHAPTER  11 |
| | § | |
| | § | |
| ALAN L ARONSTEIN | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 16-3133 |
| | § | |
| HIGH STANDARD MANUFACTURING | § | |
| COMPANY, INC. | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION

Alan Aronstein filed this adversary proceeding against High Standard Manufacturing Company, Inc. seeking declaratory judgments.  Aronstein now moves for exclusion of testimony from four of High Standard's witnesses pursuant to Federal Rule of Civil Procedure 37(c)(1). Although the Court will not exclude High Standard's witness testimony, the trial is continued to allow Aronstein to conduct additional discovery.  Moreover, Aronstein's own witnesses and exhibits, previously excluded, may be offered at the continued trial.

### Background

On July 13, 2016, Aronstein filed a complaint against High Standard seeking a declaratory judgment to determine the ownership of International Armament Corporation, Crusader Gun Company Inc., and Firearms International, Inc.  (ECF No. 1 at 6-8).  On September 15, 2016, High Standard filed an answer, a counter claim, and cross claims seeking a

similar declaration regarding the ownership of the three corporate entities and claiming unjust enrichment, conversion, and breach of fiduciary duty.  (ECF No. 18 at 5–8).

On September 27, 2016, the parties submitted a Joint Discovery/Case Management Plan in which they agreed to comply with Federal Rule of Civil Procedure 26(a)'s required initial disclosures by October 14, 2016.  (ECF No. 19 at 2).  On September 30, 2016, the Court issued a Comprehensive Scheduling, Pre-Trial and Trial Order accepting the report that set the initial disclosure deadline as October 14, 2016.  (ECF No. 20 at 1).  The Order also set the discovery deadline for December 30, 2016, set the pre-trial conference for February 22, 2017, and further ordered that "in the event of a discovery dispute, the parties should contact the Court's Case Manager for a telephonic status conference prior to filing a written motion concerning the discovery dispute."  (ECF No. 20 at 2).

On December 12, 2016, High Standard submitted its initial disclosure pursuant to Rule 26(a)(1)(A).  (ECF No. 52-1 at 6, 52-5 at 6).  The disclosure named Stan Chapman, Alan Aronstein, Richard Fuqua, Jim Gray, and Scott Aronstein as individuals having discoverable information.  However, the contact information section for Jim Gray and Scott Aronstein stated "unknown at this time. will supplement."  (ECF No. 52-1 at 4-5, 52-5 at 4-5).  On March 16, 2017, the Court set the final pretrial conference for April 19, 2017.  On April 17, 2017, High Standard submitted its witness and exhibit list for use in the trial, which was set for June 16, 2017.  (ECF No. 43-2).  The witness list included the four individuals identified in High Standard's initial disclosure, as well as several other individuals that were not identified in High Standard's initial disclosure.

High Standard failed to meet its Rule 26 disclosure obligations.  Based on that failure, Aronstein filed this motion to exclude the testimony of High Standard's witnesses on June 14, 2017.  (ECF No. 49).

On June 16, 2017, the Court commenced the trial in this proceeding.  The exclusionary issue, which had not been raised at the final pre-trial conference, was raised at trial.  At the trial, the Court ordered the parties to submit briefs on the following questions by July 7, 2017:

- Does Rule 37(c) apply to untimely disclosures in addition to a total failure to disclose?

- Was High Standard's failure to disclose substantially justified or harmless?

- Was Aronstein required to file a Rule 37(a) motion in order to preserve his rights?

- Must High Standard's failure to timely disclose have been addressed at the final pre-trial conference?

The Court took these questions under advisement on July 7, 2017.

## Jurisdiction

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## Analysis

Rules 26(a) and 37(c) are made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7037.  *In re Harmon*, 2011 WL 302859, at *26 (Bankr. S.D. Tex. Jan. 26, 2011).  Under Rule 26(a), which governs the parties' initial disclosures,

> [A] party must, without awaiting a discovery request, provide the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; and (iii) a computation of each category of damages claimed by the disclosing party. . . .

FED. R. CIV. P. 26(a)(1)(A)(i)-(iii).

Under Rule 37, which governs the consequences for failing to adhere to 26(a),

> If a party fails to provide information to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions . . . .

FED. R. CIV. P. 37(c)(1)(A)-(C).

In the Fifth Circuit, Rule 37 sanctions are "not exclusive or arbitrary," but are rather "flexible, and within reason, may be applied in as many or varied forms as the Court desires by exercising broad discretion in light of the facts of each case." *Jonibach Mgmt. Trust* v. *Wartburg Enterprises, Inc.*, 136 F. Supp. 3d 792, 807–08 (S.D. Tex. 2015) (citing *Guidry v. Continental Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981); *see also Genereux v. Raytheon*, 754 F.3d 51, 59 (1st Cir. 2014) ("[B]ut preclusion is not automatic, and a lapse may be excused if the court determines that, in the particular circumstances, a different remedy is more condign.") (citing 37(c)(1)(C)); *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (holding that a district court "may exclude as a self-executing sanction" in its discretion).

### *Does Rule 37(c) of the Federal Rules of Civil Procedure apply to untimely disclosures in addition to a total failure to disclose?*

The first issue that the Court required the parties to address is whether Rule 37(c) applies to untimely disclosures in addition to a total failure to disclose.

A breach of Rule 37 occurs "if a party fails to provide information or identify a witness *as required by Rule 26(a) . . . .*" FED. R. CIV. P. 37(c)(1) (emphasis added). Rule 26(a) requires that parties must, without awaiting a discovery request, initially disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable

information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. (26)(a)(1)(A)(i). Rule 26(a) further requires that such a disclosure be made "at or within 14 days after the parties' Rule 26(f) conferences *unless* a different time is set by stipulation or court order . . . ." FED. R. CIV. P. (26)(a)(1)(C) (emphasis added). As a result, a "failure to comply with rule 26(a)" would apply both to a failure to comply with the content requirements as well as the time requirements of Rule 26(a).

A major purpose of these disclosure requirements is to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information . . . ." FED. R. CIV. P. 26 advisory committee's notes (1993). An additional goal of these disclosure requirements, when coupled with the exclusionary sanction in Rule 26 for failure to initially disclose, is "to prevent the practice of sandbagging an opposing party with new evidence." *Haas v. Delaware & Hudson Ry. Co.*, 282 Fed. Appx. 84, 86 (2d Cir. 2008) (citation omitted); *see also New World Solutions, Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 304 (S.D. N.Y. 2015). By requiring the parties to make initial disclosures, and providing a sanction for the failure to do so, the rules aim to "prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence." *See Jonibach Mgmt. Trust*, 136 F. Supp. 3d. at 807–08 (citing *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir.1994)).

In addition to untimely disclosures, a failure to disclose required substantive information is considered a failure to disclose under Rule 37(c). Rules 26(a) and 37(c), considered together, indicate that a failure to provide the required information—the address and telephone number of the disclosed individual—constitute a "failure" to comply with Rule 26(a) under Rule 37(c). A party is required to disclose addresses and phone numbers because the initial disclosures "allow for a complete investigation by all parties, thus allowing parties to depose, interview, or

subpoena documents of such individuals during the period of time set aside for discovery." *Quesenberry v. Volvo Group N. Am., Inc*, 267 F.R.D. 475, 480 (W.D. Va. 2010). Consequently, if the address and telephone number of a disclosed witness was known, Rule 26(a) would require the information to be disclosed, and a failure to disclose would constitute a failure under Rule 37(c).

High Standard identified Stan Chapman, Richard Fuqua, Jim Gray, and Scott Aronstein 59 days after the required Initial Disclosure date set by this Court's Comprehensive Scheduling, Pre-Trial and Trial Order. In addition to making its disclosure well after the deadline, High Standard also failed to provide the address or telephone number for both Jim Gray and Scott Aronstein. In its brief, High Standard does not argue that the addresses and telephone numbers were unknown. Additionally, High Standard does not argue that the intended witnesses are to be used solely for impeachment. Consequently, High Standard's failure to timely identify these witnesses before the Initial Disclosure Deadline, as well as its failure to provide the address and telephone number for Jim Gray and Scott Aronstein, falls within the scope of Rule 37(c).

***Was High Standard's failure to disclose substantially justified or harmless?***

The second issue is whether High Standard's failure to disclose was substantially justified or harmless.

Aronstein argues that High Standard's discovery responses were inadequate. In particular, Aronstein contends that High Standard produced documents but failed to identify the document production requests to which the documents were responsive. The Court previously ordered High Standard to identify the responsive documents. High Standard complied. Yet, because the amended disclosures were made 18 days before trial, Aronstein argues that he could not interrogate the witnesses concerning the previously undesignated documents. The Court

previously denied Aronstein's motion for continuance to conduct more discovery.  (ECF No. 52. at 11–12).

In opposition, High Standard argues that its untimely disclosure should be forgiven because: (i) the testimony of the witnesses is vital to the case, (ii) no prejudice existed due to there being no surprise to Aronstein, (iii) Aronstein failed to address the violation at an earlier date, and (iv) the untimeliness was due to not knowing what was in dispute as a result of Aronstein's failure to file a response.

Rule 37(c) provides that a party who fails to disclose information "shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . ."  FED. R. CIV. P. 37(c)(1).  To evaluate whether the Rule 26 violations are harmless, the Fifth Circuit weighs four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.  *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).  The burden to prove harmlessness is on the non-complying party. *Drechsel v. Liberty Mut. Ins. Co.*, 2015 WL 7067793, at *2 (N.D. Tex. 2015).

"[T]he . . . court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstance of the case . . . [but] discretion narrows as the severity of the sanction or remedy it elects increases."  *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). Although the court has discretion, an exclusion of evidence which leads to dismissal should be avoided if possible.  *See In re Trevino*, 564 B.R. 890, 907 (Bankr. S.D. Tex. 2017) ("[T]hese type of sanctions cannot be the death knell for a party's case."); *see also Wegener*, 527 F.3d at 692 ("[T]he exclusion of evidence is a harsh penalty and should be used sparingly . . . .").  The four factor test is addressed holistically and does not mechanically count the number of factors

that favor each side.  *Drechsel*, 2015 WL 7067793, at *2 (citing *Klein v. Fed. Ins. Co.*, 2015 WL 1525109, at *3 (N.D. Tex. Apr. 6, 2015)).  Of particular significance in this proceeding are factors 2, 3, and 4.

*The explanation for the party's failure to disclose*

High Standard asserts that its late disclosure was due to an inability to tell what was in dispute.  High Standard claims there was no answer on file at the time of the initial disclosure's due date and that Aronstein left the corporation in "disarray . . . [which] made it impossible to determine at the time what exactly what testimony would be required, or what relevant documents were available."  (ECF No. 51 at 4).  However, Rule 26 requires the disclosure of parties that are "*likely* to have discoverable information . . . that the disclosing party *may* use to support its claims or defenses . . . ."  FED. R. CIV. P. 26(a)(1)(A)(i) (emphasis added).  High Standard is not relieved of its duty to disclose due to a lack of anticipation and foresight.  Accordingly, this factor weighs in favor of Aronstein.  *Drechsel*, 2015 WL 7067793, at *3.

*The prejudice to the opposing party of including the evidence*

High Standard further argues that any prejudice to Aronstein "could have been addressed at the time by the Plaintiff, but he failed to act," and that the disclosures were made prior to the discovery deadline.  (ECF No. 51 at 4).  Additionally, the individuals included in the initial disclosure were individuals whom Aronstein had worked for and with for decades, and thus there was no surprise or prejudice to Aronstein.  (ECF No. 51 at 5-6).

In response to High Standard's claims, Aronstein argues that, after receiving High Standard's amended discovery response on April 6, 2017, "it was . . . impossible to interrogate Defendants [sic] disclosed witnesses concerning the correctly designated documents produced because the discovery period had ended . . . and the court . . . denied Plaintiff's motion for

continuance to conduct more discovery." (ECF No. 52 at 11-12). Aronstein further argues that the untimeliness of the disclosures made "[c]onducting discovery from these witnesses in this complicated case . . . impossible." (ECF No. 49 at 4).

Prejudice analysis focuses more on the effect the nondisclosure has on the other party's ability to prepare for trial rather than the prejudice which may occur if the evidence is used at trial. *Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1189 (E.D. Tex. 2011); *see also Joe Hand Promotions, Inc., v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 757 (S.D. Tex. 2014). Factors to consider when doing a prejudice analysis include the timing of the disclosure and the opposing party's ability to respond. *Olivarez v. GEO Group Inc.*, 2015 WL 13227822, at *7 (W.D. Tex. Oct. 20, 2015), *reconsideration denied*, 2016 WL 8679093 (W.D. Tex. Jan. 27, 2016), *aff'd,* 844 F.3d 200 (5th Cir. 2016). "When a disclosure is untimely but still disclosed well before trial and in a manner that provides the opposing party ample time to prepare, it is unlikely to be prejudicial." *Id.*

High Standard made its initial disclosure 59 days after the initial disclosure deadline had passed and 18 days before the discovery deadline. The 18 days included the Christmas Holidays. Aronstein brought High Standard's lack of compliance to light 243 days after the initial disclosure deadline, 184 days after Aronstein was given the late initial disclosures, and 166 days after close of discovery. Additionally, on March 16, 2016, a hearing was held in which the Court heard Aronstein's Motion for Continuance. When the Court asked Aronstein why he was requesting a continuance and why he was unable to depose the witnesses by the discovery deadline, Aronstein's response was "I really don't know your Honor, I really can't tell you that answer." As a result of Aronstein's inability to provide a reason, the motion for continuance was denied.

Despite Aronstein's failure to bring High Standard's violation to the Court's attention at an earlier date, the ultimate focus of the analysis rests on whether High Standard's untimely disclosure prejudiced Aronstein's ability to prepare for trial.  At the time High Standard made its untimely disclosure, there were only 18 days, including Christmas, remaining for discovery. This left a short amount of time for Aronstein to depose the witnesses and prepare for trial. Accordingly, this Court finds that the prejudice factor weighs in favor of Aronstein.

*The possibility of curing such prejudice by granting a continuance*

The Fifth Circuit has "repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007); *see also Lee v. Valdez*, 2008 WL 4287730, at *6 (N.D. Tex. Sept. 18 2008); *Union Pac. R.R. Co. v. Nat'l Converting & Fulfillment Corp*, 2004 WL 2494954, at *4 (N.D. Tex. Nov. 5, 2004).

Aronstein does not contend that a continuance would not cure the prejudice.  High Standard argues that a continuance may not be feasible but does not oppose a continuance to allow Aronstein to depose the untimely disclosed witnesses.  This Court finds that a continuance allowing Aronstein to conduct depositions of the untimely disclosed witnesses would cure the prejudice caused by High Standard's failure.  *See Union Pac. R.R. Co.*, 2004 WL 2494954, at *4 ("Therefore, in order to offset prejudice against the Plaintiff, the Court will entertain a motion for continuance in order to reopen formal discovery procedures should the Plaintiff so request."); *see also Drechsel*, 2015 WL 7067793, at *4. ("[A]ny any prejudice can be cured by a continuance and re-opening of discovery . . . .")

While the factors of High Standard's explanation for its untimely disclosure and the resulting prejudice to Aronstein weigh in favor of Aronstein, the Court finds that equitable

factors demand a remedy short of exclusion of the evidence.  A continuance cures the damage of High Standard's failure.  Moreover, Aronstein's evidence was largely excluded by Aronstein's unjustified failure to produce any requested discovery materials until well after the close of discovery.  The documents were produced immediately before the April 20, 2017, final pre-trial conference.   The Court consequently denies Aronstein's motion to exclude but grants a continuance to allow Aronstein to conduct discovery on the testimony of High Standard's untimely disclosed witnesses.  *Union Pac. R.R. Co*, 2004 WL 2494954, at \*4.  Additionally, based upon the Court's broad discretion in leveling sanctions for violations of Rule 37, the Court allows for the inclusion of Aronstein's previously excluded witnesses and exhibits in order to hold a trial on the full merits of the case.  *See Jonibach Mgmt. Trust v. Wartburg Enterprises, Inc.*, 136 F. Supp. 3d 792, 807–08 (S.D. Tex. 2015) (citing *Guidry v. Continental Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981).

### *Was Aronstein required to file a Rule 37(a) motion in order to preserve his rights?*

High Standard alleges that Aronstein waived his Rule 37 rights by not filing an appropriate motion.  Rule 37(a) refers to motions to compel discovery or disclosure.  FED R. CIV. P. 37(a)(1).  Rule 37(c) states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c)(1).  In the following sentence, the statute reads "In addition to or instead of this sanction, the court, *on a motion and after giving an opportunity to be heard*: (a) may order payment of the reasonable expenses . . . (b) may inform the jury of the party's failure; and (c) may impose other appropriate sanctions . . . ."  *Id.* (emphasis added).  Consequently, a motion to compel is not required to impose Rule 37(c)(1) exclusion sanctions;

instead, a motion for sanctions is required to impose sanctions in addition to or instead of exclusion.

This conclusion is supported by the Advisory Notes, which refer to the exclusion sanction as "self executing". *See* FED. R. CIV. P. 37 advisory committee notes (1993). This reading is also supported by relevant case law, which holds that a motion to compel is not required to impose Rule 37(c) sanctions. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc*., 73 F.3d 546, 572 (5th Cir. 1996); *Alldread v. City of Grenada*, 988 F.2d 1425, 1436 (5th Cir. 1993); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 33 (1st Cir. 2001). However, although a motion to compel is not required, the moving party must bring the opposing party's failure to comply with 26(a) to the courts attention "so that it can address whether the failure was substantially justified or harmless." *Edens v. The Neatherlands Insurance Company*, 834 F.3d 1116, 1132 (10th Cir. 2016) ("While Rule 37(c)'s preclusion sanction may be self-executing, any discovery failure must be brought to the district court's attention so that it can address whether the failure was ''substantially justified or . . . harmless.'"); *see also Colon-Millin v. Sears Roebuck De Puerto Rico, Inc.*, 455 F.3d 30, 39 (1st Cir. 2006). Consequently, Aronstein's motion will not be denied on the grounds of failing to file a motion to compel.

***Must the failure have been addressed at the final pre-trial conference?***

Neither Rule 37(a) nor Rule 26(a) impose a specific deadline to bring Rule 26(a) violations to the Court's attention. Other jurisdictions have held that an unreasonable delay in bringing a motion for sanctions precludes the ability for relief. *See Colon-Millin*, 455 F.3d at 39 (denying motion when party waited until after trial to bring up issue of nondisclosure); *Vondrak v. City of Las Cruces*, 671 F. Supp. 2d 1239, 1246 (D.N.M. 2009) (holding that bringing motion

years after disclosures were made and one week before trial has the flavor of a "gotcha tactic.");

*Long v. Howard*, 561 F. Supp. 2d 85, 91 (reasoning that a substantial delay in bring the motion makes it significantly more difficult to resolve a sanctions motion). Factors to consider when making an unreasonable delay analysis include "when the movant learned of the discovery violation, how long he waited before bringing it to the court's attention, and whether discovery has been completed." *Long*, 561 F. Supp. 2d at 91; *see also Glenn v. Scott Paper Co.*, 1993 WL 431161, at * 17 n. 3 (D.N.J. Oct. 20, 1993) (reasoning that a Rule 37 motion should have been addressed before the close of discovery).

Aronstein brought High Standard's lack of compliance to light 243 days after the initial disclosures deadline, 184 days after Aronstein was given the late initial disclosures, and 166 days after close of discovery. There is no question that Aronstein should have raised his objection no later than the final pre-trial conference. Nevertheless, that conference was extraordinary because of the Court's exclusion of Aronstein's witnesses and exhibits.

Given the substantial failures on both sides, the Court concludes that it should find a way to hear the trial on the merits. A continuance produces that result. *Cf. Long*, 561. F. Supp. 2d at 89. Consequently, Aronstein's motion will not be denied on grounds of unreasonable delay.

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **August 24, 2017.**

_____

Marvin Isgur

UNITED STATES BANKRUPTCY JUDGE